OPINION
{¶ 1} Appellant, Antonio Avila, appeals from the judgment of the Lake County Court of Common Pleas, based upon his voluntary plea and subsequent sentence on one count of possession of criminal tools, one count of trafficking in a controlled substance, one count of possession of cocaine and two counts of trafficking in a controlled substance. Appellant solely appeals his sentence and asserts the following two assignments of error:
 {¶ 2} "[1]. The trial court abused its discretion and committed reversible error when it sentenced the defendant-appellant to a prison sentence that exceeded the statutory minimum based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of defendant-appellant's state and federal constitutional rights to trial by jury.
 {¶ 3} "[2]. The trial court erred to the prejudice of the appellant when it sentenced him to prison in contradiction to R.C. 2929.14(b) (sic) which sentence is contrary to law."
 {¶ 4} Since both assignments of error involve sentencing pursuant to R.C. 2929.14(B), we shall address them in a consolidated manner.
 {¶ 5} On June 22, 2005, appellant was charged with two counts of trafficking in cocaine, one count of possession of criminal tools, one count of trafficking in a controlled substance and one count of possession of cocaine by the Lake County Grand Jury.
 {¶ 6} On January 12, 2006, appellant entered a plea of guilty to one count of trafficking in cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1), and one count of possession of cocaine, a felony of the fourth degree, in violation of R.C. 2925.11.
 {¶ 7} On February 17, 2006, the court sentenced appellant to eleven months in prison for trafficking in cocaine and fifteen months in prison for possession of cocaine, the sentences to be served concurrently.
 {¶ 8} The charges arose out of an incident in which appellant allegedly sold cocaine to an undercover agent with the Lake County Narcotics Agency ("agency"), after which the agency obtained a search warrant and allegedly located an additional amount of cocaine in appellant's residence.
 {¶ 9} A review of the sentencing hearing transcript reveals that the trial court applied the factors enumerated in R.C. 2929.11 and R.C. 2929.12 in determining that a prison term in this case was consistent with the purposes of felony sentencing, and that community control sanctions would be inconsistent with those purposes. The court recognized that pursuant to R.C. 2925.11(C)(4)(b), there is a presumption of prison for possession of cocaine, a fourth degree felony, in violation of R.C. 2925.11. However, in sentencing appellant, the court further relied upon R.C. 2929.14(B) that the shortest prison term will demean the seriousness of appellant's conduct and not adequately protect the public from future crime by appellant.
 {¶ 10} Appellant argues, and the state concedes, that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates his Sixth Amendment
rights to trial by jury, as held by the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, citing Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296. We agree.
 {¶ 11} In sentencing appellant to more than the minimum sentence, the trial court had to rely on judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignments of error have merit.
 {¶ 12} In Foster, the Supreme Court of Ohio held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant toApprendi.
 {¶ 13} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(B). After severance, judicial factfinding is not required before imposing a sentence within the basic ranges authorized by R.C. 2929.14(A) based on a jury verdict or admission of the defendant. Foster at paragraph two of the syllabus.
 {¶ 14} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and the matter remanded for resentencing. Foster at ¶ 103-104.
 {¶ 15} Appellant's assignments of error have merit and his sentence is vacated. This case is reversed and the matter remanded for proceedings consistent with this opinion pursuant to Foster.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.